**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **LARRY SCHNEIDER, Individually and On Behalf of All Others Similarly Situated,** § § § § | | |
| **Plaintiff,** § | **CASE NO. 1:18-cv-3117** | |
| **V.** § § | | |
| **SRC ENERGY, INC.,** § § | | |
| **Defendant.** § § | | |

**PLAINTIFF'S ORIGINAL AND COLLECTIVE ACTION COMPLAINT**

1. Defendant SRC Energy, Inc. ("Defendant") required Plaintiff Larry Schneider ("Plaintiff") to work more than forty (40) hours in a workweek as a drilling consultant. Plaintiff is a day-rate employee who provides on-site consulting services at oil and gas wells. Defendant misclassified Plaintiff as an independent contractor and as such failed to pay him overtime at the mandated one and one-half times his regular rate.

2. Defendant's conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

3. Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former day-rate workers who performed work for Defendant associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

1

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.*

5. Venue is proper in the District of Colorado because Defendant operates multiple facilities in this District and maintains its headquarters in this District.

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Larry Schneider is an individual residing in Weld County, Colorado. Plaintiff's written Consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant in Colorado for almost a year and a half.

7. Defendant SRC Energy, Inc. is a domestic corporation doing business throughout the United States including Colorado. Defendant may be served with process through its registered agent, William E. Scaff, Jr., at 20203 Highway 60, Platteville, CO 80651 or wherever he may be found.

## COVERAGE

8. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

10. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

12. At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

13. Defendant operates oil and gas well sites primarily in the Denver-Julesburg Basin of Colorado (DJ Basin).

14. Defendant employs their workforce to provide on-site consulting services at oil and gas wells in multiple states including Colorado, Nebraska, Wyoming, and Kansas.

15. Plaintiff and FLSA Class Members are employed by Defendant as consultants. As such, their primary duties consist of consulting on well plans and projects at oil and gas well sites located throughout the United States.

16. Plaintiff and FLSA Class Members worked on a regular basis for Defendant at various oil and gas well locations, consulting on projects at such oil and gas wells.

17. Plaintiff Larry Schneider worked for Defendant's benefit providing consulting services at oil and gas wells in Colorado.

18. While working for Defendant, Plaintiff interacted with and became familiar with the way Defendant treats other employees with respect to overtime pay and Defendant's misclassification of such workers as independent contractors.

19. Defendant paid Plaintiff and FLSA Class Members on a day-rate basis. Defendant contracted with consulting agencies to receive invoices from Plaintiff and FLSA Class Members.

The consulting agencies would pay Plaintiff and FLSA Class Members at a day-rate set by Defendant.

20. Defendant hired/fired, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and FLSA Class Members.

21. In addition, Defendant instructed Plaintiff and FLSA Class Members about when, where, and how they were to perform their work.

22. Moreover, the following conduct further demonstrates that Defendant acted as an employer with respect to Plaintiff and FLSA Class Members:

   a. Defendant paid Plaintiff and FLSA Class Members on a non-negotiable daily rate they unilaterally set;

   b. Defendant controlled the amount of days Plaintiff and FLSA Class Members worked;

   c. Defendant required Plaintiff and FLSA Class Members to work more than forty (40) hours per workweek;

   d. Plaintiff and FLSA Class Members services were integrated into Defendant's operations;

   e. Plaintiff and FLSA Class Members were required to perform their work in an order set by Defendant;

   f. Plaintiff and FLSA Class Members worked for Defendant for long and indefinite periods of time, as is common with employees;

   g. Defendant had rules that Plaintiff and FLSA Class Members were required to follow when performing their jobs; and

      h.    Defendant maintained the right to discharge Plaintiff and FLSA Class Members at will.

23.    Furthermore, the degree of investment Plaintiff and FLSA Class Members made to perform their work pales in comparison to the expenses Defendant incurred. Plaintiff and FLSA Class Members, were required to supply simple hand tools, such as a caliber, calculator, and laptop. On the other hand, Defendant provided has significant investment in its operations.

24.    Defendant market themselves as operating over 200 wells in the DJ Basin. As such, the work of the consultants is integral to Defendant's business.

25.    A substantial portion of Defendant's annual revenue is derived from work performed by Plaintiff and FLSA Class Members.

26.    Despite these facts, Defendant improperly classified Plaintiff and FLSA Class Members as independent contractors and not employees.

27.    Defendant classified its employees as independent contractors to avoid its obligations to pay employees pursuant to the FLSA as well as to reap other benefits of such illegal classification such as reduced tax liability, avoiding paying workers' compensation insurance, and other forms of insurance and to pass on Defendant's operational costs to their work force.

28.    However, at all times, the consultants and other similarly situated workers were employees of Defendant.

29.    Although Plaintiff was required to work more than forty (40) hours per work-week, and did so frequently, Plaintiff was not compensated at the FLSA mandated one and one-half the regular rate for hours in excess of forty (40) per workweek.

30.    Instead, Plaintiff was paid a flat daily rate for all hours worked, regardless of how many hours he actually worked.

31. That is, Defendant failed to pay Plaintiff one and one-half of his regular rate for hours worked over (40) forty in a week.

32. No FLSA exemption applies to day-rate employees such as Plaintiff and FLSA Class Members.

33. Defendant's method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

34. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Accordingly, Defendant's violations of the FLSA were willful.

## VIOLATION OF 29 U.S.C. § 207

35. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

36. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

37. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff and the FLSA Class Members.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff has knowledge that FLSA Class Members were denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of their employees.

39. Other day-rate workers similarly situated to the Plaintiff work for Defendant throughout the United States but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

40. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant denied them full compensation for their hours worked over forty (40).

41. Defendant classified and continues to classify FLSA Class Members as independent contractors.

42. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendant.

43. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

44. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

45. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of FLSA Class Members.

46. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

47. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

48. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

49. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims

of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

50. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> **All current and former day-rate workers classified as independent contractors who performed consulting work for Defendant throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice.**

## DAMAGES SOUGHT

51. Plaintiff and the FLSA Class Members are entitled to recover their unpaid overtime compensation. 29 U.S.C. §§ 207, 216.

52. Plaintiff and the FLSA Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

53. Plaintiffs and the FLSA Class Members are entitled to recover attorney's fees and costs. 29 U.S.C. § 216(b).

## PRAYER

54. For these reasons, Plaintiff, on behalf of himself and the FLSA Class Members respectfully request that judgment be entered in their favor awarding them the following:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ Galvin B. Kennedy
    Galvin B. Kennedy
    Texas State Bar No. 00796870
    Federal ID No. 20791
    Email: gkennedy@kennedyhodges.com
    4409 Montrose Blvd., Ste. 200
    Houston, Texas 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS